UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GHUSAR and SANA BHUMBLA,<br><br>    Plaintiffs,<br><br>    v.<br><br>PARK 'N SHADE OF TUSCON, Inc., LUIS HERNANDEZ and DOES 1-10, inclusive,<br><br>    Defendants. | No. 2:22-cv-00398-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendant Luis Hernandez's ("Defendant") Motion to Dismiss. (ECF No. 9.) Plaintiffs David Ghusar and Sana Bhumbla ("Plaintiffs") filed an opposition. (ECF No. 12.) Defendant filed a reply. (ECF No. 14.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///

///

///

///

///

///

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 13, 2020, Plaintiffs and Defendant were involved in a vehicle accident that occurred outside of Yuba City, California. (ECF No. 9 at 2.) Plaintiffs allege Defendant was driving his vehicle while in the course and scope of his employment for Defendant Park 'N Shade. (*Id.*) Plaintiffs seek compensatory damages for their personal injuries. (*Id.*)

On December 14, 2021, Plaintiffs filed a Complaint in Yuba County Superior Court. (ECF No. 9 at 2.) On February 8, 2022, Defendant Park 'N Shade was served with the Summons and Complaint. (*Id.*) Defendants Park 'N Shade then "removed the case to this [C]ourt on March 2, 2022." (*Id.*) Plaintiffs' counsel was served a Notice of Removal, and this Court issued an Initial Pretrial Scheduling order on March 7, 2022. (*Id.*) "[P]laintiffs were directed to serve all defendants within 90 days of the filing of the Complaint," which was May 31, 2022. (*Id* at 1–2.)

Plaintiffs then sought to effectuate service on Defendant. However, due to the commonness of Defendant's name, "Plaintiffs' counsel believed that conducting a skip trace without any other identifying information would be futile." (ECF No. 12 at 3.) Therefore, Plaintiffs requested assistance from Defendant Park 'N Shade's counsel, Ms. Livingston, in obtaining Defendant Hernandez's last known address. (*Id.*) On April 15, 2022, "Ms. Livingston informed Plaintiffs' counsel that Mr. Hernandez's last known address was 4444 E. Benson Hwy., #133, Tucson, AZ, 85706." (*Id.* at 4.) On April 20, 2022, Plaintiffs' counsel began attempting to serve Defendant with the Summons and Complaint "utilizing an Arizona based process server, SilverbackProcessing, LLC ("Silverback")." (*Id.*) Plaintiffs' counsel received a response from Silverback on May 17, 2022, reporting that "the matter was still 'in service' and they were attempting to [reach Defendant Hernandez]." (*Id.*) On May 25, 2022, Plaintiffs' counsel requested another update. (*Id.*) Silverback responded on June 2, 2022, indicating they were still attempting to serve Defendant. (*Id.*) Over the course of the next five months, Plaintiffs' counsel had various communications with Silverback and Ms. Livingston in an attempt to locate Defendant. (*Id.* at 4–5.)

In November of 2022, Plaintiffs' counsel hired a "private investigator to confirm [Defendant's] address." (ECF No. 12 at 5.) The private investigator suggested a new address to

Plaintiffs' counsel, who promptly shared the information with Silverback. (*Id.*) After more failed attempts by Silverback to contact Defendant, Plaintiffs' counsel "engaged the services of First Class Attorney Services . . .[,]" and service of the State Court Summons was finally completed on February 6, 2023. (*Id.* at 5–6.)

Defendant filed a motion to dismiss on February 27, 2023. (ECF No. 9.) Defendant argues that the action should be dismissed based on "insufficient service of process under Federal Rule of Civil Procedure ("Rule") 12(b)(5) because [P]laintiff[s] failed to timely serve him with the Summons and Complaint . . . ." (*Id.* at 1.) Furthermore, Defendant argues dismissal is proper pursuant to Rule 12(b)(4) "because [P[laintiff[s] served him with a state court summons." (*Id.*) Plaintiffs filed an opposition on March 3, 2023. (ECF No. 12.)

## II.     STANDARD OF LAW

Under Rule 12(b)(5), a defendant may challenge any deviation from the proper procedures of serving a summons and complaint pursuant to Rule 4 as "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mil Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

"If a defendant is not served within 90 days after the complaint is filed . . .[,]" service of process is insufficient. Fed. R. Civ. P. 4(m). Rule 4(m) requires a two-step analysis in deciding whether to extend the proscribed time period for the service of a complaint. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "First, upon a showing of good cause for the defective service, the court must extend the time period." *Id.* at 513. "Good cause for delay longer than [90] days generally means that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Hernandez v. Senegor*, No. 2:11-cv-3248, 2013 WL 1966122 at *4 (E.D. Cal. May 10, 2013) (internal citation omitted). "Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253

3

F.3d at 513. The court has broad discretion under Rule 4(m). *Id.* In making the decision to extend time, the court may consider the following factors: (1) prejudice to the defendant; (2) whether the party to be served received actual notice of the lawsuit; (3) the statute of limitations bar; and (4) eventual service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Moreover, the Ninth Circuit has emphasized that public policy favors resolution of cases on the merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

A challenge to the sufficiency of process, rather than the service, is properly raised under Rule 12(b)(4). Fed. R. Civ. P. 12(b)(4). Rule 4(a) requires, among other things, that the summons "name the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A), (B). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). "[D]ismissal is generally not justified absent a showing of prejudice." *Id.*

**III.     ANALYSIS**

Defendant argues the Court should dismiss the Complaint against them in its entirety for two reasons: (1) Plaintiffs failed to timely serve Defendant with the Summons and Complaint as required by Rule 4(m); and (2) Plaintiffs served Defendant with the Yuba County Superior Court summons, rather than the federal summons, in violation of Rule 4(a). (ECF No. 9 at 1.)

Plaintiffs served Defendant on February 6, 2023 — 252 days after the May 31, 2022, deadline for service. (ECF No. 9 at 1–2.) Defendant argues "[P]laintiffs are unable to demonstrate good cause for [the] 36-week delay in serving [D]efendant[,]" and "[P]laintiffs never sought leave to extend the time period for service . . .." (ECF No. 9 at 2.) Additionally, Defendant argues discovery is now closed and Plaintiffs will be unable to "propound any discovery on [Defendant]" or depose him. (ECF No. 14 at 3.) In opposition, Plaintiffs argue they "acted diligently and in good faith in attempting to serve [Defendant]." (ECF No. 12 at 2.) Plaintiffs argue they began attempting to effectuate service on Defendant as soon as April 20, 2022. (*Id.* at 9.) Plaintiffs argue they "followed up with Silverback repeatedly" and attempted to contact Defendant's counsel. (*Id.* at 9–10.) Lastly, Plaintiffs argue Defendant's motion is devoid

of any indication of prejudice by the delay in service, and the delay "does not have a significant impact on the litigation." (*Id.* at 10–11.)

Considering the length of the delay, the close proximity of Defendant to his last known address, Plaintiffs' failure to request leave to extend the time period for service, and importantly, Plaintiffs' failure to provide explanation as to why Defendant was never served with the federal summons, the Court finds Plaintiffs have not demonstrated good cause for the delay in serving Defendant. *See Hernandez*, at *4 (good cause for delay can be demonstrated through attempted but failed service, ignorance of service requirements, or uncontrollable intervening factors that prevented service). The Court recognizes that Plaintiffs continually, though with varying degrees of regularity, attempt to locate Defendant in order to effectuate service. (ECF No. 12 at 4–6.) However, throughout this time Plaintiffs never sought leave of Court to extend the service period despite repeatedly failing to locate Defendant. This is curious because Plaintiffs did request various extensions for discovery deadlines, clearly indicating knowledge of the federal rules of civil procedure. (ECF No. 9 at 3.) Moreover, though Plaintiffs eventually completed service on Defendant, the service was inadequate, as it omitted the federal summons. (*Id.* at 15.) Plaintiffs do not claim confusion about the service requirements, nor do they argue there were factors beyond Plaintiffs' control that prevented them from serving Defendant. Rather, Plaintiffs assert the delay and omission of the federal summons was the result of an "inadvertent oversight." (ECF No. 12 at 7.) An inadvertent oversight alone, without more substantive explanation as to *why* the oversight occurred, e.g., lack of understanding of procedure, errors in transmission of paperwork to process server, etc. cannot amount to good cause for an almost nine-month delay in service of Defendant.

Defendant further argues "post-removal service of the state court summons is insufficient process under Rule 4." (ECF No. 9 at 5.) Defendant argues "because the state court summons is null and void, it should be quashed." (*Id.* at 6.) In opposition, Plaintiffs state "Plaintiffs' counsel did not update the summons due to an inadvertent oversight." (ECF NO. 12 at 15.) Plaintiffs argue that, despite serving Defendant with the state court summons, Defendant "received notice of the [C]omplaint[,]" and fails to identify any actual prejudice attributable to the defect. (*Id.*)

The Court agrees with Defendant that Plaintiffs' service of the state court summons and Complaint was insufficient process under Rule 4.  *See Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967) ("The state court process becomes null and void on the date the action is removed to the federal court."); *Club One Casino, Inc. v. Sarantos*, No. 1:17-cv-00818-DAD-SAB, 2017 WL 4123935, at *2 (E.D. Cal. Sept. 15, 2017); *Strange v. Eastman Outdoors, Inc.*, No. 2:14–cv–1735–JAM–DAD, 2015 WL 12672696, at *1 (E.D. Cal. May 13, 2015); *but see Greenfield Advisors LLC v. Salas*, 733 F. App'x 364, 367 (9th Cir. 2018) (The defendant may be properly served with the state court summons if he "initiated the removal or consented to it, and thus indisputably had notice of the action prior to removal and notice that it was now a federal action.").  Here, Defendant was not served prior to removal, nor did they consent to removal. Additionally, Plaintiffs offer no evidence suggesting Defendant received notice of the federal action other than the fact they included the notice of removal with their service of the state court summons.  (ECF No. 12 at 15.)  This is insufficient.  Service of a state court summons with a notice of removal does not provide notice to a defendant of a pending federal action and thus does not satisfy the requirements of Rule 4.

Lastly, Plaintiffs argue dismissal would cause them extreme prejudice because the statute of limitations would bar their ability to re-file the action against Defendant.  (ECF No. 12 at 13.) In his reply, Defendant argues he is not a necessary party because Defendant Park 'N Shade "does not contest that [Defendant] . . . was acting in the course and scope of his employment."  (ECF No. 14 at 4.)  Defendant argues that "any liability a jury might attribute to [him would] be attributable [to] Park 'N Shade" under vicarious liability.  (*Id.*)  In other words, Defendant Park 'N Shade concedes application of vicarious liability and respondeat superior liability in the present case — subsuming much of the liability that would otherwise be attributed to Defendant individually and ameliorating Plaintiffs' concerns of prejudice.

The Court agrees with Defendant.  The Court finds any prejudice against Plaintiffs is offset by the Defendant Park 'N Shade's concession of the application of vicarious liability and respondeat superior liability.  Further, the Court finds "a plaintiff seeking to hold an employer liable for torts caused by employees acting within the scope of their employment is not required

6

to name or join the employees as defendants." *Rojas v. Sea World Parks & Entertainment, Inc.*, 538 F.Supp.3d 1008, 1022 (S.D. 2021).  Therefore, Defendant is not a necessary party and Plaintiffs will not suffer prejudice upon dismissal of the Complaint against Defendant.

Accordingly, the Court grants Defendant's motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(4).

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss with leave to amend.  (ECF No. 9.)

IT IS SO ORDERED.

**DATE:  June 1, 2023**

Troy L. Nunley
United States District Judge